IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHILDERIC MAXY,

                                                                                               ORDER

                    Plaintiff,

                                                                                           10-cv-29-bbc

      v.

SCOTT L. HORNE,
MICHAEL J. MULROY,
ELLIOTT M. LEVINE and
LA CROSSE DISTRICT ATTORNEY,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was closed on February 2, 2010, for plaintiff's failure to pay the amounts he is in arrears under 28 U.S.C. § 1915(b)(2) in Maxy v. Larson, 03-C-623-C and Maxy v. Weissenberger, 03-C-624-C. In the order, I told plaintiff that he would be able to renew his request for leave to proceed in forma pauperis in this case as soon as his payments for the fees in his earlier cases are up to date. Now plaintiff has filed a motion to pay the filing fees using funds from his release account. The motion must be denied.

      Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the full filing fee, first by making an initial

1

partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). If the prisoner then files additional complaints or appeals, the amount owed increases as well. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). As I explained in the February 2 order, plaintiff is currently required to pay 60% of his monthly income toward the filing fee balances in case nos. 03-C-623-C and 03-C-624-C. He has a total outstanding balance of $391.69.

In his motion, plaintiff says that he was not aware that his payments had stopped and he asks the court to order the prison to pay the outstanding balance from funds in his release account. Plaintiff cannot use his release account funds in the way that he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, this court does not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account.

In the February 2 order, I told plaintiff that the Court of Appeals for the Seventh Circuit has held that prisoner litigants are to keep a watchful eye on their accounts and

insure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis. <u>Lucien v. DeTella</u>, 1141 F.3d 773, 776 (7th Cir. 1998). Although it is unfortunate that plaintiff was not aware that his payments to this court had stopped it is ultimately his responsibility to know whether he is paying his debts and to take steps to cure any problems with his accounts. Plaintiff's motion will be denied.

## ORDER

IT IS ORDERED that plaintiff's motion to pay the filing fees using funds from his release account, dkt. #6, is DENIED.

Entered this 19th day of February, 2010.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          BARBARA B. CRABB
                                          District Judge